**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HAFIZA MARSHALL,<br><br>　　　*Plaintiff*,<br><br>　　v.<br><br>BUMBLE BEE CHILDCARE,<br><br>　　　*Defendant*. | Civil Action No. 20-20674<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

　　*Pro se* Plaintiff Hafiza Marshall seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but **DISMISSES** her Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

　　Under § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that [s]he is unable to pay the costs of [her] suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff has sufficiently established, *see* D.E. 1-1, her inability to pay the costs of her suit and the Court grants her application to proceed *in forma pauperis* without prepayment of fees or costs.

　　When allowing a plaintiff to proceed *in forma pauperis*, a court must review the complaint and dismiss the action if it determines that the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief against a defendant who is

immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotations and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Moreover, because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Turning to the Complaint, Plaintiff asserts a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, *et seq*. ("Title VII"), against her former employer, Defendant Bumble Bee Childcare. D.E. 1 at 2; *id*. at 4.[1] Plaintiff alleges that Defendant terminated her employment on July 6, 2019 based on her religion. *Id*. at 5. Specifically, Plaintiff alleges that the owner of Defendant asked her whether she was Muslim. *Id*. at 8. Plaintiff responded that she was not Muslim. *Id*. Thereafter, Plaintiff alleges that Defendant's owner began to "nitpick" her and eventually "thew [her] out" of the building because he claimed "something came up" on her background check. *Id*.

Plaintiff claims she exhausted her administrative remedies and that the Equal Employment Opportunity Commission ("EEOC") issued her a Notice of Right-to-Sue Letter ("Right-to-Sue Letter") which she received on February 27, 2020. *Id*. However, Plaintiff did not attach her Right-to-Sue Letter to her Complaint. Instead, Plaintiff submitted a February 27, 2020 letter from the EEOC, attaching EEOC Form 5 – Plaintiff's Charge of Discrimination – along with her unsigned Charge of Discrimination against Defendant. *Id*. at 7. Plaintiff's Charge of Discrimination summarizes Plaintiff's claims based on the information she provided to the EEOC. *Id*. at 6. The February 27, 2020 letter from the EEOC requests "Plaintiff to sign and return" the Charge of Discrimination form. *Id*. at 7. The letter indicates that the EEOC must receive Plaintiff's "signed Charge of Discrimination" before initiating an investigation. *Id*. The letter further indicates that "[u]nder EEOC procedures, if we do not hear from you within 30 days or receive your signed charge within 30 days, we are authorized to dismiss your charge and issue you a right

---

[1] Plaintiff misnumbered the Complaint by ascribing the number "2" to the cover page and by failing to add page numbers between numbered pages 6 and 8. Page numbers used herein reflect the page number assigned by the Court's electronic filing system.

3

to sue letter allowing you to pursue the matter in federal court." *Id.* But Plaintiff has not submitted a Right-to-Sue Letter to the Court, and it is unclear whether the EEOC issued the letter to Plaintiff.

A plaintiff must comply with the procedural requirements set forth in Title VII before bringing an employment discrimination claim under Title VII. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (applying Title VII procedural requirements to ADA discrimination claim). Title VII requires that a complainant file a "charge" and receive a "right to sue" letter from the EEOC before bringing suit in the district court. *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) ("The receipt of the right-to-sue letter indicates that a complainant has exhausted administrative remedies, an *essential element* for bringing a claim in court under Title VII." (emphasis added)). "[I]f a plaintiff brings suit under Title VII before receiving a right-to-sue letter, the matter may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies." *Clark v. Dep't of Law & Pub. Safety*, No. 319CV21238BRMZNQ, 2020 WL 7778068, at *3 (D.N.J. Dec. 31, 2020) (quoting *Small v. Rahway Bd. of Educ.*, No. CV 17-1963, 2017 WL 1351400, at *2 (D.N.J. Apr. 6, 2017)); *see, e.g.*, *Robinson v. Univ. of Med. & Dentistry of N.J.*, No. 06-1158, 2006 WL 3371748, at *2 (D.N.J. Nov. 17, 2006) (granting motion to dismiss ADA claims where plaintiff admitted that she did not file an EEOC charge or receive a right to sue letter).

Here, Plaintiff attached her unsigned Charge of Discrimination along with a letter from the EEOC. D.E. 1 at 6-7. Plaintiff, however, did not include a Right-to-Sue Letter with her filing. In addition, it is unclear whether the EEOC issued a Right-to-Sue Letter because the date that Plaintiff claims she received her Right-to-Sue Letter is actually the date she received the letter from the EEOC requesting that she sign and return her Charge of Discrimination. *Compare id.* at 87, ¶ 4.A. *with id.* at 7. Accordingly, Plaintiff's Title VII claim is dismissed without prejudice. *See Clark*,

No. 319CV21238BRMZNQ, 2020 WL 7778068, at *4 (dismissing the plaintiff's Title VII claim without prejudice upon finding "it is unclear whether Plaintiff has exhausted his administrative remedies."). Plaintiff may reassert her claim if she provides the Court with a copy of her Right-to-Sue Letter.

Turning to the merits of Plaintiff's Complaint, the Court construes Plaintiff's Complaint as asserting a claim that she was subjected to a hostile work environment based on her religion. *See generally* D.E. 1. To plead a plausible Title VII claim for religious discrimination based on a hostile work environment, Plaintiff must allege facts showing that "(1) [she] suffered intentional discrimination because of [religion]; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same [religion] in that position; and (5) the existence of respondeat superior liability." *Abramson v. William Paterson Coll. of New Jersey*, 260 F.3d 265, 276 (3d Cir. 2001). Plaintiff alleges two distinct forms of discriminatory conduct (1) that she was "nitpicked" and (2) that she was refused entrance into her employer's building by Defendant's owner. *See* D.E. 1 at 8.

As to both forms of alleged discriminatory conduct, Plaintiff fails to plead facts as to the first element. Plaintiff says that Defendant's owner nitpicked her after learning she was not Muslim. *Id*. However, Plaintiff provides no other factual details as to the content or nature of the nitpicking indicating that it was based on her religion or leading to a reasonable inference that it was due to her religion. Plaintiff must plead sufficient allegations that show that complained of conduct was tied to her religion. *See Romano v. City of Paterson, New Jersey*, No. CV 17-12191 (CCC), 2019 WL 1423687, at *5 (D.N.J. Mar. 29, 2019) (dismissing Title VII claim for hostile work environment where, among other things, "[p]laintiff [failed to] state facts to show that [the

5

defendant's employee's] negative expressions and gestures were in any way tied to [p]laintiff's heritage.")). Plaintiff's Title VII claim based on her denied access to her employer's building fails for the same reason. Concerning Defendant's owner's refusal to allow Plaintiff to enter the building, Plaintiff alleges that Defendant's owner informed her she could not enter because she "had something on [her] background." *Id*. Plaintiff has thus alleged facts indicating that she was denied entrance into her employer's building not because of her religion, but because of something derived from Plaintiff's background check. To satisfy the first element, Plaintiff must allege additional facts connecting her denied entrance to the building to her religion. Of course, Plaintiff can also plausibly allege that the denial based on her background was also a pretext for religious discrimination, but additional factual allegations are necessary.

The Court also finds that Plaintiff's allegations, without more, are insufficient to satisfy the second, third, and fourth elements of her Title VII claim. Again, Plaintiff merely alleges that she was "nitpick[ed]" by Defendant's owner and nothing else. *Id*. Plaintiff fails to allege facts describing the nitpicking, let alone facts showing such conduct was "pervasive or regular," or that it "detrimentally affected" her or that it would have determinately affected a reasonable person of the same religion in that position. *See Abramson*, 260 F.3d at 276. "As to severity, not all conduct is actionable under a hostile work environment claim. The discriminatory conduct must be so extreme as to amount to a change in the terms and conditions of employment. Unless they are extremely severe, offhand comments and isolated incidents are insufficient to sustain a hostile work environment claim." *Lara v. Samuel Adams Pennsylvania Brewing Co., LLC*, No. 5:20-CV-0498, 2020 WL 5211206, at *10 (E.D. Pa. Sept. 1, 2020) (internal quotation marks omitted (quoting *Williams v. Mercy Health Sys.*, 866 F. Supp. 2d 490, 501 (E.D. Pa. 2012)); *see also Romano*, No. CV 17-12191 (CCC), 2019 WL 1423687, at *5 ("Title VII . . . does not protect

against simple teasing, offhand comments, or minor isolated incidents."). Here, Plaintiff's allegations fall well short of this standard. Plaintiff must allege additional facts concerning the content and nature of the alleged nitpicking (or any other alleged improper conduct) to meet the above standard.

For the reasons stated above, the Court finds that Plaintiff has failed to adequately demonstrate that she received a Right-to-Sue Letter from the EEOC and that the Complaint fails to plausibly state a claim under Title VII. Therefore, and for good cause shown,

IT IS on the 21st day of January, 2021,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claim under Title VII is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. However, the Court grants Plaintiff leave to file an amended complaint asserting her Title VII claim within thirty (30) days provided that she includes a copy of her Right-to-Sue Letter from the EEOC and addresses the pleading deficiencies described above; and it is further

**ORDERED** that the Clerk shall serve this Order and the accompanying Opinion upon Plaintiff by regular and certified mail.

                                                                         _____
                                                                         John Michael Vazquez, U.S.D.J.